United States District Court
Southern District of Texas
**ENTERED**
May 19, 2021
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT    SOUTHERN DISTRICT OF TEXAS

| | |
|---|---|
| Alexander K. Miller,  §  <br>  Petitioner,  §  <br>  §  <br> v.  §  <br>  §  Civil Action H-20-4254 <br> Eric Fagan, Fort Bend County §  <br> Sheriff,[1]  §  <br>  Respondent.  § | |

## Report and Recommendation

Alexander K. Miller is being held in pretrial detention at the Fort Bend County Jail. (D.E. 1 at 1.) According to Miller, bail has been set, but he does not have enough money to make it. The court understands Miller to complain that he is being denied his Sixth Amendment right to a speedy trial, his Eighth Amendment right to be free of excessive bail, and his Fourteenth Amendment right to equal protection under the law. He claims to have filed several habeas petitions in state court, but claims that he has not appealed the denial of those petitions because he was not aware he could do so. He now seeks habeas relief under 28 U.S.C. § 2241 and requests that his bail amount be lowered.

Although there is no specific statutory exhaustion requirement under section 2241, the Fifth Circuit has held that exhaustion is nevertheless required before a pretrial detainee may seek federal habeas relief. *Dickerson v. Louisiana*, 816 F.2d 220, 225 (5th Cir. 1987) (recognizing a line of authority requiring federal courts to abstain from exercising jurisdiction over pretrial habeas matters if the issue can be resolved by a trial on the merits or other available state

---

[1] Miller named the Fort Bend County Jail and Judge Maggie Jaramillo as respondents. This is a habeas petition and the proper respondent is the Sheriff, who has custody of the Petitioner. The Sheriff is substituted as the respondent.

procedures). To exhaust his claim that he is subject to excessive bail, Miller must raise the claim in the Texas Court of Criminal Appeals. *Duhon v. Sheriff, Jasper Cnty. Jail*, No. 1:18-CV-310, 2018 WL 6919877, at *1 (E.D. Tex. July 9, 2018), *adopted by* 2019 WL 77146 (E.D. Tex. Jan. 2, 2019).

Miller states that he has filed several habeas applications but has not pursued them up to the Texas Court of Criminal Appeals. He has therefore failed to exhaust his state remedies. Miller does not argue that the state procedures available are inadequate or make any other argument that would excuse him from exhaustion. The court therefore recommends that Miller's petition be dismissed without prejudice. The court further recommends that a certificate of appealability be denied.

The parties have fourteen days from service of this Memorandum and Recommendation to file written objections. *See* Rule 8(b) of the Rules Governing Section 2254 Cases; 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72. Failure to file timely objections will preclude appellate review of factual findings or legal conclusions, except for plain error. *Thomas v. Arn*, 474 U.S. 140, 147–49 (1985); *Rodriguez v. Bowen*, 857 F.2d 275, 276–77 (5th Cir. 1988).

Signed at Houston, Texas, on May 19, 2021.

Peter Bray
United States Magistrate Judge